UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMNANAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ABUKALAM, et al.,<br><br>    Defendants. | No. 2:17-cv-1801 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 8. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

////

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Complaint

Plaintiff has filed a complaint against defendants Abukalam, Peterson, and Lizarraga for destruction of property and retaliation. (ECF No. 1.) In Count One, plaintiff alleges that defendant Abukalam destroyed his book in violation of policy and then confiscated the book at the direction of defendant Peterson in order to try and cover up the violation. (Id. at 8-10.) Abukalam was found to have violated policy, but plaintiff was not offered compensation for or replacement of his book. (Id. at 9.) In Count Two, plaintiff asserts that he was subject to retaliation because when he submitted the claim for his book to defendant Abukalam he was told that if he went through with it he would be in trouble and then Abukalam and Peterson confiscated the book and tried to hide Abukalam's violation of policy. (Id. at 11.) Defendant Lizarraga is the warden and allegedly "sanctioned all actions by other defendants in this case." (Id. at 7.)

IV. Failure to State a Claim

A. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff's claims against defendant Lizarraga are limited to his conclusory allegation that Lizarraga sanctioned the actions of the other defendants, which is insufficient to state a claim for relief. Because plaintiff does not make any specific allegations against Lizarraga, he must be dismissed. However, since plaintiff may be able to amend the complaint to provide more information regarding Lizarraga's involvement, he will be given an opportunity to amend.

### B. Property Claim

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-95). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

////

In the instant case, plaintiff explicitly asserts that the deprivation of his property was the result of defendant Abukalam violating policy. (ECF No. 1 at 8-10.) Furthermore, the fact that his claim for compensation was denied does not mean that the available remedy was not adequate. Accordingly, plaintiff's property claims are not cognizable and must be dismissed.

### C. Retaliation

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).

Based on the allegations, Abukalam and Peterson's attempts to cover-up the destruction of the book do not appear to be an attempt to retaliate against plaintiff, but rather an attempt to prevent Abukalam from getting into trouble for violating policy. Accordingly, this portion of the retaliation claim shall be dismissed with leave to amend.

### V. Claim for Which a Response Will Be Required

Plaintiff's claim that defendant Abukalam told him that he would "be in trouble" if he went through with submitting his grievance is sufficient to state a claim for retaliation. Brodheim, 584 F.3d at 1270 (a threat of harm can constitute an adverse action and threat does not have to be specific). Accordingly, defendant Abukalam will be required to respond to this claim.

### VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Lizarraga and Peterson and that the only cognizable claim against defendant Abukalam is for threatening plaintiff in retaliation for filing a grievance. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

5

Plaintiff may proceed forthwith to serve defendant Abukalam on his claim that Abukalam threatened him about filing a grievance or he may delay serving any defendant and amend the complaint to attempt to fix the deficiencies in the claims being dismissed.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Abukalam without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Lizarraga and Peterson and of the claims against Abukalam for property destruction and retaliation based upon confiscation of evidence.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your allegations that defendant Abukalam retaliated against you when he told you that you would be in trouble if you went through with filing your grievance states a claim.

Your allegations against defendant Lizarraga do not state a claim because you have not explained how he was involved in the violation of your rights or how he sanctioned the other defendants' actions. Your claim for the destruction of your book does not state a claim because the state provides an adequate post-deprivation remedy. The claim that defendants Abukalam and Peterson retaliated against you by trying to cover up the destruction of your book is not sufficient to show retaliation because your allegations show they were trying to prevent Abukalam from getting into trouble.

If you want, you can either (1) proceed immediately on your claim against defendant Abukalam and withdraw the other claims or (2) try to amend the complaint to fix your claims against defendants Lizarraga and Peterson and your additional claims against Abukalam. If you want to go forward without amending the complaint, you will be voluntarily dismissing all of your claims against defendants Lizarraga and Peterson and your claims against Abukalam for destruction of property and covering up his actions without prejudice. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of plaintiff's claims against defendants Lizarraga and Peterson and his claims against defendant Abukalam for property destruction and retaliation based on covering up evidence are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately against defendant Abukalam on his retaliation claim based upon being threatened for filing a grievance as set forth in Section V above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

Dated: January 8, 2018

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

13:ramn1801.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMNANAN,

    Plaintiff,

v.

M. ABUKALAM, et al.,

    Defendants.

No. 2:17-cv-1801 CKD P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendant Abukalam for threatening him for filing a grievance without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all of his claims against defendants Lizarraga and Peterson and his claims against defendant Abukalam for property destruction and retaliation based upon confiscation of evidence.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              Andre Ramnanan
                                              Plaintiff pro se